# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 8163 | **DATE** | 10-18-2012 |
| **CASE TITLE** | Nelson Vasquez (R-20423) vs. Tom Dart, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application to proceed *in forma pauperis* ("IFP") [3] is denied without prejudice to Plaintiff submitting a completed application. By 11/16/2012, Plaintiff must *either* (1) submit a completed IFP application *or* (2) pre-pay the $350 filing fee. Also by 11/16/2012, Plaintiff must file a written pleading that shows cause why this case should not be dismissed as untimely. The Clerk shall send Plaintiff an IFP application. Plaintiff's failure to comply with these directives will result in summary dismissal of this case. Plaintiff's motion for the appointment of counsel [4] is denied without prejudice.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

     Plaintiff Nelson Vasquez, currently incarcerated at Shawnee Correctional Center, filed this 42 U.S.C. § 1983 action against Cook County Sheriff Tom Dart and Cook County Jail Officer Martinez. Plaintiff alleges that, in April 2010, Officer Martinez twice ignored Plaintiff's complaints that other inmates had threatened to attack him. According to Plaintiff, he was attacked on April 7, 2010, by several inmates using wood and steel walking canes, causing Plaintiff to suffer a broken knuckle.

     Plaintiff seeks to proceed *in forma pauperis* ("IFP"). His IFP application, however, is incomplete, as it includes neither a certificate from an authorized officer attesting to the amount of funds in his prison trust account nor a copy of his jail trust fund account for the six-month period preceding the filing of this complaint. The Prison Litigation Reform Act requires all inmates to pay the full filing fee. If an inmate is unable to pre-pay the $350 filing fee, he may submit an application to proceed IFP, which allows the inmate to pay the filing fee with monthly deductions from his trust fund account. If the court grants the IFP application, the court will direct correctional officials to deduct an initial partial payment of the filing fee directly from the inmate's trust fund account and to make further monthly deductions from that account until the full filing fee is paid. To enable the court to determine if Plaintiff qualifies as a pauper and to make the necessary assessment of the initial partial filing fee, Plaintiff must have the certificate portion of his application filled out by an authorized officer, and he also must "submit a certified copy of the trust fund account statement … for the prisoner for the 6-month period immediately preceding the filing of the complaint … , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2). Plaintiff must resubmit a completed IFP application that includes his jail trust fund statement. Alternatively, he may pre-pay the $350 filing fee. His failure to comply by November 16, 2012, will result in the dismissal of this case. *See* N.D. Ill. Local Rule 3.3(e).

     Additionally, Plaintiff's claim appears to be time-barred. Although the untimeliness of a lawsuit is an affirmative defense, a court may dismiss on such grounds if it is clear from the face of the complaint that a time-bar defense applies. *See Walker v. Thompson*, 288 F.3d 1005, 1010 (7th Cir. 2002). Plaintiff alleges that Officer Martinez failed to protect Plaintiff on April 7, 2010. He filed this suit, at the earliest, on October 3, 2012, which is the date he signed both his complaint and the certificate of service affixed to his motion for appointment of

| STATEMENT |
|---|

counsel. The statute of limitations for claims under 42 U.S.C. § 1983 in Illinois is two years, not including the time during which administrative remedies were sought. *See Williams v. Lampe*, 399 F.3d 867, 869-70 (7th Cir. 2005); *Johnson v. Rivera*, 272 F.3d 519, 522 (7th Cir. 2001). If Plaintiff seeks to proceed with this case, in addition to satisfying the filing fee requirement, he must submit a pleading demonstrating that his complaint is timely.

     Accordingly, Plaintiff is given 30 days from the date of this order to both: (1) either submit a completed IFP application or prepay the $350 filing fee; and (2) submit a pleading demonstrating that he timely filed his complaint. Plaintiff's failure to comply with this order will result in summary dismissal of this case.