# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NELSON VASQUEZ (R-20423), | )<br>) |
| Plaintiff, | )<br>) Case No: 12 C 8163 |
| v. | )<br>) |
| | ) Judge Gary Feinerman |
| TOM DART, et al. | )<br>) |
| Defendants. | ) |

## ORDER

Defendant Tom Dart's motion to dismiss [28] is granted. The claim against Dart in the second amended complaint is dismissed. Dart, however, shall remain a Defendant. Dart shall attempt to ascertain the identity of Officer Martinez, the officer who supervised Division 10 Unit 4C on the morning of April 7, 2010. Once Martinez's identity is ascertained, Dart shall provide Plaintiff and the court with his identify so that alias summons may issue for Martinez. Dart has until 9/13/2013 to comply. Dart's motion for an extension of time to submit a reply [37] is denied as moot. The 7/24/2013 motion hearing [38] is stricken.

## STATEMENT

Currently before this court is Defendant Tom Dart's motion to dismiss. Plaintiff Nelson Vasquez has responded to the motion. For the following reasons, Dart's motion is granted and the second amended complaint's claim against him is dismissed. However, Dart shall remain as a Defendant for the purpose of providing identification information for the other Defendant, Officer Martinez.

Plaintiff is currently incarcerated at Shawnee Correctional Center, but was confined at the Cook County Jail when he initiated this suit in October 2012. After filing his original complaint, Plaintiff submitted an amended complaint, and then a second amended complaint. All three complaints allege that he was attacked by other inmates at the jail on April 7, 2010. The second amended complaint, which is the controlling complaint of this case, alleges the following: Plaintiff and his cellmate were in the Jail's gym at 8:15 a.m. His cellmate argued with other inmates. Plaintiff told Officer Martinez, the officer in charge of Division 10, Unit 4C, at the time, that there was going to be problems. Martinez responded "don't worry about it," and Plaintiff returned to the living area. Plaintiff then realized that he was in "dire danger" and again requested assistance. Martinez ignored Plaintiff's request and simply told him to stand by the door in the living pod. Once Plaintiff stepped back into the living area, he was attacked by other inmates and struck with steel and wood canes. Plaintiff sustained a broken knuckle and a laceration to his head, which required 6-8 staples. Doc. 20 at pp.1-2.

Plaintiff's original complaint, in addition to alleging the above-described incident, also alleged that Dart had a "longstanding awareness" of the "severity and frequency of inmate-to-inmate assaults

at the Cook County Jail" but acted with deliberate indifference to inmates' safety. Doc. 1 at ¶¶ 17-20. Plaintiff's second amended complaint, however, does not allege that Dart was aware of, yet ignored, widespread inmate on inmate attacks, but instead states only that Dart "is answerable at law for the acts of the Correctional officers." Doc. 20 at ¶ 6. While Plaintiff's original complaint alleged a claim of an unconstitutional jail custom or policy at the Jail, the second amended complaint does not.

Contrary to Plaintiff's contention, Dart is not answerable at law for the acts of Jail officers. A respondeat superior theory of liability does not exist in a § 1983 action, and a supervisory official is not strictly liable for the acts of his employees or subordinate officers. *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). Dart's liability cannot be based on the constitutional torts of others, and Plaintiff's claims against him must allege that Dart himself is liable in either his individual or official capacity.

To establish a claim against Dart in his individual capacity, Plaintiff must allege that (1) Plaintiff faced a substantial risk of serious harm, and (2) Dart acted with deliberate indifferent to the risk, i.e., that Dart knew Plaintiff faced a serious risk of harm, yet took no reasonable steps to address it. *Grieveson v. Anderson*, 538 F.3d 763, 775 (7th Cir. 2008); *Palmer v. Marion County*, 327 F.3d 588, 594 (7th Cir. 2003). To state a claim against Dart in his official capacity, Plaintiff must show that his injuries were caused by an unconstitutional policy or custom, which can be demonstrated by (1) an express policy causing the loss when enforced; (2) a widespread practice constituting a "custom or usage" causing the loss; or (3) a person with final policymaking authority causing the loss. *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004); *Palmer*, 327 F.3d at 594-95.

Although Plaintiff's second amended complaint describes Dart's role as a policymaker—"by virtue of his status [as sheriff], his edicts or acts may fairly be said to represent the official capacity of the Sheriff's Office," Doc. 20 at ¶ 3—unlike his original complaint, Plaintiff does not allege that Dart took no steps to address widespread inmate on inmate attacks. Even under the most liberal construction, the second amended complaint does not allege a valid claim against Dart, but rather seeks to hold him liable simply based upon his supervisory position over Officer Martinez.

Accordingly, the second amended complaint's claim against Dart is dismissed. If Plaintiff seeks to allege a valid claim against Dart, Plaintiff must submit another amended complaint. Dart, however, is not dismissed as a Defendant in this case. The second amended complaint asserts a valid claim of deliberate indifference against Officer Martinez. Martinez, however, has not been served and summons for him has been returned unexecuted because his surname is too common and additional information is needed. Doc. 32 (summons returned unexecuted because Jail officials "need more identification") When a plaintiff does not know the name of a defendant, the plaintiff may name a high-level administrator to assist with identifying the person actually involved. *See Donald v. Cook County Sheriff's Dept.*, 95 F.3d 548, 556 (7th Cir. 1996). Dart will remain as a Defendant for this purpose. Dart, through his attorney, is directed to attempt to ascertain the identity of Officer Martinez, who oversaw Division 10 Unit 4C on the morning of April 7, 2010. Counsel should notify Plaintiff and this court with such information, at which time alias summons may issue to serve Martinez.

Date: 7-19-2013                          Gary Feinerman
United States District Court Judge